**SHAW, PERELSON, MAY & LAMBERT, LLP**
ATTORNEYS AT LAW
21 VAN WAGNER ROAD
POUGHKEEPSIE, NEW YORK 12603
(845) 486-4200
FAX (845) 486-4268

STEPHEN A. PERELSON (1941-2002)
DAVID S. SHAW
MARGO L. MAY
MICHAEL K. LAMBERT
MARC E. SHARFF
LISA S. RUSK
BETH L. SIMS
STEVEN M. LATINO
JULIE M. SHAW
------
GARRETT L. SILVEIRA
MEGAN A. SHEDDEN *
ANDREA L. GELLEN *
------
MARK C. RUSHFIELD *
    OF COUNSEL
MARIA D. GILL **
    OF COUNSEL
JOHN E. OSBORN
    OF COUNSEL

WESTCHESTER OFFICE
115 STEVENS AVENUE
VALHALLA, NEW YORK 10595
(914) 741-9870
FAX (914) 741-9875

\*    also admitted in New Jersey
\*\*   also admitted in Connecticut

June 5, 2015

Via ECF
Hon. Vincent L. Briccetti, United States District Court Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   **M.P.. Individually, etc. v. Carmel Central School District, 15 CV 3432 (VB);
Request for Pre-Motion Conference**

Dear Judge Briccetti:

    This office represents the defendant school district in the above-referenced matter. Through service of the Complaint by mail and execution of a Waiver of the Service of Summons, the defendant's time to answer or move as regards the Complaint is currently extended to July 6, 2015.

    Though it is not absolutely clear to me that your Individual Rules require a pre-motion conference request under the circumstances described below, I thought it prudent to submit this letter to you as it is suggested that a motion by the defendant using the format of a summary judgment motion in lieu of an answer to the Complaint in this case is the most efficacious, expeditious and cost-effective manner of addressing the issues raised by the Complaint in this case. A pre-motion conference is requested for an examination of this suggestion.

**A.    Background**

    The Complaint asserts a claim under the Individuals with Disabilities Education Improvement Act (hereinafter "IDEA") by which the plaintiff parent (M.P.) seeks tuition

reimbursement for a unilateral residential private school placement of her child (K.P.) for the 2012-13 and 2013-14 school years at the Franklin Academy ("Franklin").

As the Complaint and its attachments establish, the plaintiff exhausted her administrative remedies through the due process complaint procedure authorized by the IDEA. The result was a decision by Impartial Hearing Officer ("IHO") Linda Agoston, Esq. denying the parent's request for tuition reimbursement for each of the two school years on the basis that the IEPs provided by the District for each of the two school years provided K.P. with a free and appropriate public education ("FAPE"), that the placement at Franklin was not an appropriate placement for K.P. and that, further, the equities did not favor an award of tuition reimbursement to the parent[1]. Upon M.P.'s appeal of that decision, the State Review Officer ("SRO") ruled that the District had offered a FAPE to K.P. in each of the two school years in the least restrictive environment and that the SRO, therefore, need not determine whether the unilateral placement of K.P. at Franklin was appropriate or whether equitable considerations supported the parent's requested relief. See SRO decision at Exhibit 2 to the Complaint.

During the hearing before the IHO, it was established that M.P.'s mother (i.e., K.P.'s grandmother) was the source of the tuition payments to Franklin for the 2012-13 and 2013-14 school years at issue. This fact (and the additional assertion that K.P.'s grandmother passed away on May 26, 2014) is confirmed through an Affidavit of Parent in Support of Right to Reimbursement attached as Exhibit 3 to the Complaint.

**B.    The Complaint Fails to Comply With Fed. R. Civ. P. 8 and 10**

At the outset, the 35-page Complaint, comprised of 121 separately numbered paragraphs, contains 33 separate paragraphs devoted substantially to legal arguments, including multiple case citations.[2] It also repeatedly pleads evidence in the nature of references to documents or portions of transcripts of the hearings before the IHO. It also contains 44 paragraphs in which multiple allegations are contained in a single paragraph.[3] It appears as if the plaintiff's counsel cut and pasted from a legal brief in preparing the Complaint.[4] These pled paragraphs of the Complaint warrant either an Order striking these allegations or dismissal of the Complaint (though the Court would likely grant the plaintiff leave to replead via an amended complaint) as contrary to the requirements of Fed. R. Civ. P. 8 and 10. *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988); *Norton-Griffiths v. Wells Fargo Home Mortgage*, 10-CV-169 (CR), 2011 WL 884456, at *6 (D. Vt. Mar. 11, 2011); *Gist v. United States*, 09-CV-1361(NPM/GHL), 2010 WL 2520997, at *1 (N.D.N.Y. June 3, 2010) *report and recommendation adopted*, 09-CV-1361(NPM/GHL),

---

[1] In reaching this latter conclusion, the Impartial Hearing Officer held that she "need not address the issue of the grandmother's payment of the tuition." IHO decision at page 71 at Exhibit 1 to the Complaint.

[2] Paragraphs 16, 32-34, 37, 38, 49, 59, 60, 66, 69 (via ftnt 13), 71-74, 75 (via ftnt 15), 78 (via ftnt 16), 82, 100, 101, 103, 105, 106, 107 (via ftnt 22), 109-112 and 117-121.

[3] Paragraphs 10, 23, 27, 28, 30, 42-44, 46-49, 51-53, 56, 58, 60, 61-65, 67-69, 76, 78, 83-87, 90, 91, 93, 94, 98, 99, 101, 102, 108, 109 and 115.

[4] In its request for relief at page 35 thereof, the Complaint calls for reversal of "the Decision of Justyn P. Bates, State Review Officer" even though the SRO who rendered the decision denying the plaintiff's appeal was, as per page 22 of Exhibit 2 to the Complaint, Carol H. Hauge.

2010 WL 2520986 (N.D.N.Y. June 15, 2010); *Hou v. New York City Dep't of Envtl. Prot.*, 98CIV.1518 (LBS/HBP), 2001 WL 434856, at *1 (S.D.N.Y. Apr. 26, 2001); *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233-34 (E.D.N.Y. 1999).

C. **The Parent Lacks Article 3 Standing**

As the plaintiff parent is not the person who paid the tuition for which reimbursement is sought, it is submitted that the plaintiff lacks Article III standing to proceed with this action and the Court consequently lacks subject matter jurisdiction over the plaintiff's claim to tuition reimbursement. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("As explained by the Fourth Circuit, standing to pursue a reimbursement claim belongs to that party, whether parents or child, 'who actually expend[ed] resources.'"); *Emery v. Roanoke City Sch. Bd.*, 432 F.3d 294, 299-300 (4th Cir. 2005); *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F. Supp. 2d 746, 755-56 (S.D.W. Va. 2006). This issue has not, however, yet been resolved in the Second Circuit. See *E.M. v. New York City Dep't of Educ.*, 758 F.3d 442, 451-57 (2d Cir. 2014).

D. **Request for Permission to File a Motion in the Nature of One for "Summary Judgment" in Lieu of an Answer to the Complaint**

The instant action is an appeal by the plaintiff from an administrative determination which, as to its merits, though not subject to disposal through a true Fed R. Civ. P. 56 summary judgment motion, *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012), is commonly disposed of through a procedure akin to summary judgment motion practice. It is, consequently, suggested and requested that, rather than being required to address the above-described defects in the Complaint or the Article III standing issue through a preliminary motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the defendant be granted permission to make a motion in the nature of one for a "summary judgment" in lieu of filing an answer to the Complaint, by which the defendant can promptly address both the Article III standing/subject matter jurisdiction issue and the merits issue of whether the IHO/SRO decisions should be affirmed by the Court. See e.g., *Keltic Financial Partners, L.P. v. Krovatin*, Civ. No. 05-4324 (JAP), 2007 WL 1038496 (D.N.J. March 30, 2007). Such a procedure will avoid a potential undue waste of party and judicial resources on separate motions and likely substantially expedite the final resolution by this Court of the issues raised by the Complaint.

Thank you for your consideration of this request.

Very truly yours,

**SHAW, PERELSON, MAY & LAMBERT, LLP**

BY: _____/S/_____
　　　**MARK C. RUSHFIELD, ESQ.**

MCR/jm
cc: Peter D. Hoffman, Esq.
　　　client

3